Chier Justice Robertson
delivered the opinion of the court.
«For value received, I promise to pay John L. Luke the sum of three hundred dollars, in gold or silver, or return him the carriage for which this note is given. Now, if the carriage is returned, then the said Marshall is not to pay for repairing of carriage, which is sixty dollars, or the same if he pays (or said carriage. I promise to do either, as iie pleases, whenever demanded. Witness my hand, this 20th day of September, 1829. Charles T. Marshall.”
Luke sued Marshall on the foregoing covenant, and Marshall pleaded, that the covenant was made tvithout any consideration; and on an issue on that, plea, a verdict and judgment were rendered for Marshall.
■ The various questions presented in the record may he determined, by deciding whether, or not, the jury had a right to find, that the covenant was given without consideration.
As the covenant expressly acknowledges a consideration, a special plea, avoiding the effect of that admitted consideration, would have been the proper mode of impeaching, or avoiding, the covenant; by averring, as Marshall attempted to prove, that the carriage was not, at the date of the covenant, the property of Luke, but belonged to (Marshall) himself, and others. But, as issue was taken on the general plea, and no objection was made to the evidence offered in support of it, the form of the issue is not now material.
The sixty dollars, for repairing the carriage, might have created some difficulty on the question for consideration; but, in managing the case, the parties seem to have considered the repairs as unconnected with the consideration; and, therefore, presuming that Luke had not paid for them, and was not liable fov them, we shall consider the case, as depending on the only point on which it seemed to turn in the circuit court; that is, waiving the two foregoing matters, ’ *66 did the evidence show satisfactorily, that there was, *n ai)d ’n biw, no consideration for the covenant?
ita person purohasejiro-atufe timeoi the nurobase, belonged to thersfand'es" ecut.es his note for the pur-he ma”^hYn sued upon the note, by showing' that by reason of the property bhnsclf and o-tbers, there was no consid-oration, for the note, defeat a recoveryupon ’,f-
it seems that Alexander K. Marshall had devised the on cringe, among other things» to his wife during her life, with power to sell for specified purposes; and devised the property, which should remain unsold at her death, to Charles T. Marshall, and some of his (the testator’s) grand children; that Mrs. Marshall, who was the executrix, died without having sold the carriage; and that her son, the plaintiff in error, who was her executor, sold the carriage, after her death, to the defendant in error. This is the substance of all the evidence contained in the record.
As Mrs. Marshall survived her husband several years, and had retained the carriage during her life, the, jury had a right fo infer, that she had taken and held it as a devisee; and that, consequently, at her death, it vested in the devisees in remainder,and did not pass to the executor.
From such a deduction, it would result, as a necessary consequence, that, as executor, the plaintiff in err0I. |lad no interest in, or right to the possession of, the carriage. This being conceded, had the jury a right to decide that there was no consideration for the covenant? We think that they had. Marshall might' have sued Luke on the implied warranty of title, and have recovered damages. If he had paid the price, he might have maintained assumpsit for it, without of-fcFin§ to return thc carriage; for, as it belonged to himself and others, he was not bound fo return it to Luke. The co-devisees of Marshall could not have maintained any action against Luke, for delivering the carriage-to Marshall, because an action could not have been maintained unless Marshall had been a co- and if he had been, a delivery to him would have barred the action; besides, Marshall’s possession vyas that of all (he joint owners. . .
. . As then Marshall, h he had paid for the carnage, might have recovered the amount paid, in an action of indebitatus assumpsit, he ought not to be compelled to pay the price, when he resists the payment on the same ground as that on which he might have maintained assumpsit I or restitution. Therefore no consideration resulted from either the sale or the de *67 livery of the carriage, unless the contract can be considered'as a compromise of doubtful and conflicting claims to it. It ought not to be so considered. Marshall had made such a compromise, he would be bound to pay the stipulated price, and could not recover damages on an implied warranty of title; because, in such a case, there would be no such warranty. The jury had therefore a right to infer, that there was no such compromise, in the absence of any proof that there was.
Crittenden, for plaintiff; T. Marshall,-for defendant. ■
Wherefore, as the jury had a right to decide that Luke had no right to the carriage, and that neither its sale nor delivery was, in contemplation of law, advantageous to Marshall or prejudicial to Luke, they had a right to find, as they did, that there was no consideration for the covenant. The judgment in Marshall’s favor, in this case, would bar any suit by him against Luke on the implied warranty of title.
There is no evidence that Luke had acquired any right to the interests of Marshall’s co-devisees; and, therefore, neither the jury nor this court should presume that he had any other claim to the carriage, than that .which he may have considered himself entitled to assert as executor.
Judgment affirmed; Judge Underwood dissenting.